**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br>HUE KIEN DANG,<br>                Debtor.<br>_____<br>SUSAN K. SMITH,<br>                Plaintiff,<br>v.<br>BICHKHOA THI NGUYEN and BICHKHOA THI NGUYEN, TRUSTEE OF THE BICHKOA NGUYEN 2017 TRUST,<br>                Defendants.<br>_____ | Case No. 20-24166-C-7<br><br><br><br>Adversary No. 21-02001-C |

**MEMORANDUM DECISION ON MOTION FOR ENTRY OF DEFAULT JUDGMENT**

    The default of Defendants Bichkhoa Thi Nguyen and Bichkhoa Thi Nguyen, Trustee of Bichkhoa Nguyen 2017 Trust, have been entered pursuant to Federal Rule of Civil Procedure 55, as incorporated by Federal Rule of Bankruptcy Procedure 7055.

    This court has carefully reviewed the record. The well-pleaded facts in the Amended Complaint are accepted as true. The relevant motion papers include the Motion for Default Judgment, Declaration, and Exhibits in support thereof (Docket ## 44-47), together with the Supplemental Declaration and Exhibits (Docket ## 62-63).

    Chapter 7 Debtor Hue Kien Dang filed his chapter 7 case No. 20-24166 on August 29, 2020. Plaintiff Susan Smith is the duly appointed chapter 7 trustee.

In his Petition, Debtor gives his address as 8700 Spring House Way, Elk Grove, California ("8700 Spring House Way").

The Default Judgment record establishes that Debtor transferred, on November 14, 2016, real property commonly known as 8700 Spring House Way, to Defendant Bichkhoa Thi Nguyen for no consideration. At that time, Bank of America and U.S. Bank were creditors of Debtor.

Defendant Nguyen resides with Debtor at 8700 Spring House Way and is the mother of his children.

The record further establishes that Defendant Nguyen on May 2, 2017, transferred her interest in 8700 Spring House Way to herself as trustee of the Bichkhoa Nguyen 2017 Trust for no consideration.

The Default Judgment record further establishes that Debtor transferred $44,500.00 to Defendant Bichkhoa Thi Nguyen on or about June 12, 2020, as a gift for no consideration.

The record further establishes that Nguyen deposited $49,774.38 with First American Title Company on January 21, 2021, in connection with a mortgage loan transaction with respect to 8700 Spring House Way.

This court is mindful that Debtor's counsel in the parent chapter 7 case, Steele Lanphier, has represented to the court that Mr. Dang and Ms. Nguyen are actually married and has told the court that he would correct the petition and related filings accordingly. Despite having had months to make good on that representation, no amendments have been made. The Petition and Schedules continue to state that Mr. Dang is not married, aver that he has no interest in real estate, and that he has no co-

debtors. Nor in Schedule I and in the Statement of Current Monthly Income does Mr. Dang disclose, as required, income of Ms. Nguyen as non-filing spouse. It is further noted that Steele Lanphier was also counsel to Bichkhoa Thi Nguyen in chapter 7 case No. 10-21447 in this judicial district, in which there is no mention to the existence of Mr. Dang. Nothing having been done by Steele Lanphier to correct the bankruptcy case record with appropriate amendments, there is no reason to defer ruling on the question of default judgment.

I

The Amended Complaint seeks to avoid the November 14, 2016, transfer of 8700 Spring House Way pursuant to California Civil Code § 3439.04(a)(1), as incorporated under the trustee's "strong arm" powers under 11 U.S.C. § 544, on the theory that the transfer was made with actual intent to hinder, or delay, or defraud a creditor.

Proof of the requisite "actual intent" under Civil Code § 3439.04(a)(1) must, pursuant to § 3439.04(c), be by preponderance of evidence, with reference to factors set forth at § 3439.04(b). Any of the factors may be dispositive as § 3439.04(b) does not create a counting or numerosity exercise. Moreover, there need not be proof of actual intent to defraud; rather, proof of actual intent to hinder or to delay creditors suffices for purposes of § 3439.04(a)(1).

Three of the Civil Code § 3439.04(b) factors pertain directly to the uncontroverted default judgment evidence in this case: (1) the transfer of 8700 Spring House Way was to the

3

insider mother of the transferor's children, § 3439.04(b)(1); (2) the debtor transferor retained possession or control of the property, where he continues to reside with the transferee as a family unit, § 3439.04(b)(2); and (3) the value of the consideration received (none) was not reasonably equivalent to the value of the property transferred, § 3439.04(b)(8). This constellation of factors warrants the conclusion that Plaintiff has carried the burden of presenting a preponderance of evidence for purposes of § 3439.04(c).

Accordingly, default judgment will be entered avoiding the transfer by Hue Kien Dang to Bichkhoa Thi Nguyen of real property commonly known as 8700 Spring House Way, Elk Grove, California on November 14, 2016, pursuant to Civil Code § 3439.04(a)(1), as incorporated by 11 U.S.C. § 544.

II

The Amended Complaint also seeks to avoid the transfer by Hue Kien Dang of $44,500.00 to Bichkhoa Thi Nguyen on or about June 12, 2020, under 11 U.S.C. § 548(a).

Debtor has stated under penalty of perjury in his Amended Statement of Financial Affairs that in June 2020, two months before filing his chapter 7 case, he made a gift of $44,500.00 to Bichkhoa Nguyen, the mother of his children, the source of which was a loan from a so-called § 401(k) account. Amended Statement of Financial Affairs, #13.

The $44,500.00 gift was for no consideration using funds borrowed from a § 401(k) account. Debtor's Schedules reflect that his financial situation at that time, which was two months before

4

filing his chapter 7 case, was such that the sum of his debts was then greater than all of his property at fair valuation exclusive of the $44,500.00 transferred within the meaning of 11 U.S.C. § 101(32)(A). Hence, the transfer will be avoided under § 548(a).

Although the record supports the conclusion that the gift was in the amount of $44,500.00, the Amended Complaint asserts and demands only $44,000.00. A default judgment must not exceed in amount what is demanded in the pleadings. Fed. R. Civ. P. 54(c), as incorporated by Fed. R. Bankr. P. 7054(a). Since the Amended Complaint seeks only $44,000.00, that sum is the upper limit on a default judgment.

Accordingly, default judgment will be entered avoiding the transfer in the amount of $44,000.00.

### III

The Amended Complaint also seeks to recover the property transferred pursuant to 11 U.S.C. § 550.

As to 8700 Spring House Way the default judgment will avoid the transfer for the benefit of the estate pursuant to 11 U.S.C. § 550(a) and declare that the Plaintiff-Trustee's rights are superior to the immediate transferee, Defendant Bichkhoa Thi Nguyen, and to the mediate transferee, Defendant Bichkhoa Thi Nguyen as trustee of the Bichkhoa Nguyen 2017 Trust.

As to the $44,000.00 gift, the default judgment will declare that Plaintiff-Trustee is, pursuant to 11 U.S.C. § 550(a), entitled to the value of the $44,000.00 gift to be paid by the immediate transferee, Bichkhoa Thi Nguyen.

The Motion for Entry of Default Judgment is GRANTED. An appropriate default judgment shall be entered as a separate document.

Dated: November 12, 2021

_____
United States Bankruptcy Judge

6

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

J. Russell Cunningham
1830 15th St
Sacramento, CA 95811

Susan Smith
2701 Del Paso Road, Suite 130-PMB 399
Sacramento, CA 95835

Bichkhoa Thi Nguyen
8700 Spring House Way
Elk Grove, CA 95624-1231

Steele Lanphier
1860 Howe Ave., Suite 330
Sacramento, CA 95825

Hue Kien Dang
8700 Spring House Way
Elk Grove, CA 95624-1231